IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KEITH ORBIE JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:09CR190-3 |
| v. ) | 1:16CV471 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Keith Orbie James has brought a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 166.) On September 17, 2009, Petitioner pled guilty, pursuant to a plea agreement, to two counts of interference with commerce by robbery ("Hobbs Act robbery") in violation of 18 U.S.C. §§ 1951 and 2; and one count of knowingly carrying and using, by brandishing, a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and was subsequently sentenced to 254 months of imprisonment. (Docket Entries 1, 57, 91; Minute Entry 9/17/2009.) Petitioner's subsequent appeal was unsuccessful. *United States v. James*, 427 Fed. App'x 274 (4th Cir. 2011). Petitioner next filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied with prejudice. (Docket Entries 115, 147, 152, 153.) His appeal of that denial was unsuccessful. *United States v. James*, 633 Fed. App'x 175 (4th Cir. 2016). On May 2, 2016, the United States Court of Appeals for the Fourth Circuit authorized Petitioner to file the instant § 2255 motion. (Docket Entry 165.) On May

16, 2016, Petitioner filed the instant motion. (Docket Entry 166.) The Court has appointed Petitioner counsel and has stayed this matter pending several Fourth Circuit decisions.[1] (Minute Entries 7/27/2016, 11/15/2016, 5/17/2018.) The matter is now before the Court for a ruling.

## **Petitioner's Ground**

Petitioner asserts a single ground for relief, arguing that his brandishing of a firearm during a crime of violence conviction is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2] (Docket Entries 52 54, 55.) As explained below, this argument lacks merit.

## **Discussion**

As an initial matter, the Court notes that *Johnson* does not govern this case. *Johnson* addressed the Armed Career Criminal Act, 18 U.S.C. § 924(e), and Petitioner has not been designated an armed career criminal. *Johnson*, 135 S. Ct. at 2555. Rather, the relevant decision here is *United States v. Davis*, 139 S. Ct. 2319 (2019). As described in that decision, 18 U.S.C. § 924(c)

> authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in

---

[1] For this reason, the Court recommends that Petitioner's motion for appointment of counsel (Docket Entry 176) be denied as moot. Furthermore, because the Court recommends the denial of Petitioner's motion to vacate, set aside, or correct his sentence (Docket Entry 166), it recommends that his motion to terminate his counsel of record and for appointment of counsel (Docket Entry 179) be denied as moot.

[2] To the extent Plaintiff asserts that he was convicted of conspiracy to commit Hobbs Act robbery (Docket Entry 167 at 2), this is incorrect (Docket Entries 1, 57, 91; Minute Entry 9/17/2009). Any argument predicated on this is without merit. Furthermore, Petitioner also contends that he was convicted of aiding and abetting Hobbs Act robbery. (Docket Entry 167 at 2.) Petitioner is correct (Docket Entries 1, 57, 91; Minute Entry 9/17/2009), but this does not aid his argument because "[w]hoever commits an offense against the United States or aids [or] abets . . . its commission, is punishable as a principal." 18 U.S.C. § 2.

2

furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause [or, alternatively, the force clause], and the second the residual clause. According to § 924(c)(3) a crime of violence is "an offense that is a felony" and

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> [ ](B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*Davis*, 139 S. Ct. at 2323. The Supreme Court in *Davis* held that § 924(c)(3)(B), the residual clause, is unconstitutional. *Id.* at 2336. However, § 924(c)(3)(A), the force clause, remains valid and the Fourth Circuit has held that Hobbs Act robbery is a crime of violence under the force clause. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Therefore, Petitioner's conviction for Hobbs Act robbery was a conviction for a crime of violence, and his conviction for brandishing a firearm during that crime remains valid.[3]

## Conclusion

For the reasons set forth above, Petitioner's motion should be denied. An evidentiary hearing is not warranted in this matter.

---

[3] Briefing on this matter is not necessary as "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Petitioner] is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings; *see also Horton v. United States*, Nos. 1:13CR284-1, 1:16CV952, 2019 WL 6176158, at *3 (M.D.N.C. Oct. 25, 2019) (Auld, M.J.) (unpublished), *adopted by*, 2019 WL 6173698 (Nov. 20, 2019) (Biggs, J.).

**IT IS THEREFORE RECOMMENDED** that the stay in this matter be **LIFTED**, that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 166) be **DENIED**, that his motion for the appointment of counsel (Docket Entry 176) be **DENIED** as moot, that his motion to terminate counsel of record and for appointment of counsel (Docket Entry 179) be **DENIED** as moot, and that judgment be entered dismissing the action.

_____
Joe L. Webster
United States Magistrate Judge

February 5, 2020
Durham, North Carolina