```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA       )
                               )
          v.                   )        1:09-CR-190-3
                               )
KEITH ORBIE JAMES              )
```

**MEMORANDUM ORDER**

Before the court is pro se Defendant Keith Orbie James's third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 228.) The Government has responded in opposition (Doc. 230), and James has replied (Doc. 232). James has also moved for leave to file supplemental exhibits. (Doc. 231.) The court has considered the supplemental exhibits in this order and the motion for leave to file them will accordingly be granted. For the reasons set forth below, the motion for compassionate release will be denied.

I.  BACKGROUND

On September 17, 2009, James pleaded guilty to two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of carrying and using a firearm by brandishing during a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 91.) On July 1, 2010, James was sentenced to 170 months of imprisonment for the two Hobbs Act convictions to run concurrently, followed by three years of supervision to run concurrently, and 84 months of imprisonment for the § 924(c) to run consecutively to the two

concurrent Hobbs Act sentences, followed by five years of supervision to run currently with his other terms of supervision. (Id.)  James is currently incarcerated at FCI Petersburg and has a presumptive release date of September 17, 2027.  Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc.  He is 52 years old.  Id.

This is James's third motion for compassionate release.  (See Docs. 198, 201.)  Here, James argues that family circumstances, sentencing disparity between him and his co-defendants, hardship from COVID-19, and rehabilitation warrant a sentence reduction. (Doc. 228.)  The Government disagrees that these circumstances rise to extraordinary and compelling reasons and that the § 3553(a) factors weigh against granting the requested relief.  (Doc. 230.)

**II. ANALYSIS**

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended section 3582(c)(1) when it passed the First Step Act.  Pertinent here, the First Step Act added a provision to section 3582(c)(1) that allows a defendant to bring

2

a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see, e.g., United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished)[1] (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)). Additionally, a court, in considering a

---

[1] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

3

reduction in sentence pursuant to section 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As recently amended, United States Sentencing Guideline section 1B1.13(a) essentially reiterates the requirements of section 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also Beck, 425 F. Supp. 3d at 578. Section 1B1.13(b) then provides a non-exhaustive list of examples of extraordinary and compelling reasons to grant a compassionate release. The four enumerated reasons are (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; and (4) defendant as a victim of abuse. U.S.S.G. § 1B1.13(b). Section 1B1.13(b)(5) then provides a catch-all for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Section 1B1.13(b)(6) also provides that a court may consider a change in the law when determining "whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence

4

being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Finally, section 1B1.13(d) states that rehabilitation of the defendant is not alone an extraordinary and compelling reason, but it may be considered along with other circumstances.

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2403-04 (2022). However, courts do not have unfettered jurisdiction or discretion to modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it to do so. Even then, section 3582(c) is appropriately invoked only in unusual cases, or, as the Fourth Circuit phrases it, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the Sentencing Reform Act explained that compassionate release would address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'"

5

(citations omitted)).  It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality.  See Goodwyn, 596 F.3d at 235-36.  Nor is it a vehicle to collaterally attack a federal conviction or sentence.  United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

The Government concedes that James has satisfied the exhaustion requirement.  (Doc. 230 at 8 n.2.)  The court thus turns to the merits.

First, James contends that his family circumstances justify a reduction in sentence.  (Doc. 228 at 2-3.)  He states that his family has suffered the deaths of several family members, that his mother's health has deteriorated (including some form of dementia), and that his sister requires his assistance to care for their mother.  (Id.)  James has also filed an unsworn letter from his sister that explains that she has difficulty caring for her mother along with working 47 hours per week.  (Doc. 231-1 at 2-3.)  She states that their mother requires assistance to do many activities of daily life such as bathing, taking medication, and toileting.  (Id.)

The court does not discount the hardship to James and his family during this time period, and his desire to care for his mother is admirable.  However, U.S.S.G. § 1B1.13(b)(2)(C) requires that the defendant be the only available caregiver to an incapacitated parent.  Moreover, James must satisfy the burden of

6

making a "robust evidentiary showing" that he is the only available caregiver and that his mother is incapacitated. United States v. Richardson, No. 5:18-CR-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020). Under these circumstances, James concedes that his sister is available to care for his mother, albeit under great stress, and the extent to which around-the-clock care is needed remains doubtful given that James has submitted only an unsworn statement from his sister wherein she states that she works a full-time job while providing care to her mother. The court is similarly wary of crediting James's unsworn statements in his reply brief contending that his adult children and other family members are unavailable to provide care. (Doc. 232 at 2-3); United States v. Campbell, 1:12-CR-439, 2023 WL 7220732 at *5 (M.D.N.C. Nov. 2, 2023) (discounting "unsworn assertions"). Accordingly, James has not met his burden of showing that his family circumstances justify a reduction in sentence.

Second, James contends that a disparity in the sentence he received and the sentence his co-defendants received warrants compassionate release. Under U.S.S.G. § 1B1.13(b)(5), James must show that this circumstance is "similar in gravity" to those described in sub-paragraphs (b)(1) through (b)(4). It is true that James's sentence is considerably longer than those of his co-defendants, who received aggregate sentences of 114 months, 171 months, and 175 months respectively. (Docs. 74, 75, 76.) However,

7

as the Government notes and the sentencing judge observed, James's co-defendants each separately told investigators that James planned the robbery at Consumer Finance and Payday Cash, LLC, and that James supplied the firearm used in the Consumer Finance and Eden Jewelry robberies. (Doc. 172 ¶ 9; Doc. 95 at 30-32 (court discussing James's leadership role).)[2] Moreover, James had an <u>extensive</u> criminal history that produced 18 criminal history points and a criminal history category of VI. (Id. ¶ 60.) James also was much older than the teenage co-defendants (Hall and Pyles were only 19 years old) whom he persuaded to conduct these robberies, and he should have known better. (Doc. 95 at 28.) Further, he provided the handgun and was present at both robberies. (Id. ¶¶ 10, 11.) These distinctions, among others (including sealed motions in the cases), are reflected in James's higher guideline range on the Hobbs Act robbery convictions as compared to that of his co-defendants. (Doc. 172 (James at 168 to 210 months); Doc. 174 (Pyles at 97 to 121 months); Doc. 186 (Barnes at 63 to 78 months); Doc. 219 (Hall at 130 to 163 months).) Accordingly, the court does not find that any disparity in sentence

---

[2] James has filed statements by his co-defendants, Pyles and Barnes, tending to disclaim James's leadership role. (Doc. 231-1.) The court has considered these statements but finds that they do not give rise to an extraordinary and compelling reason to justify granting compassionate release. Moreover, to the extent James challenges the imposition of a two-point adjustment for his role in the offense, such a challenge is not cognizable on this motion, as it would amount to a collateral attack on the sentence. <u>Ferguson</u>, 55 F.4th at 270.

8

between James and his co-defendants is an extraordinary and compelling reason to justify a reduction in sentence.

Third, James contends that the harsh conditions of confinement during the COVID-19 pandemic warrant relief.  (Doc. 228 at 5-7.)  James states that he is not sure if he would survive the next variant of COVID-19 but does not state that he suffers from any medical condition that puts him at any elevated risk of severe disease or death.  See U.S.S.G. § 1B1.13(b)(1)(D) (requiring that defendant be at an increased risk of suffering severe medical complications due to outbreak of infectious disease).  Moreover, there are neither active reported COVID-19 cases at FCI Petersburg nor an ongoing public health emergency.  See Fed. Bureau of Prisons, Inmate COVID-19 Data, at https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last accessed May 31, 2024); Ctrs. for Disease Control and Prevention, End of the Federal COVID-19 Public Health Emergency (PHE) Declaration, at https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html ("May 11, 2023, marks the end of the federal COVID-19 PHE declaration."); United States v. Garcia, No. 5:03-CR-20, 2023 WL 6883187, at *4 (W.D.N.C. Oct. 18, 2023) (denying relief where generalized hardship would otherwise "become the 'exception that swallows the general rule of finality'" (quoting United States v. Hancock, No. 1:06-CR-206-2, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021))).

9

Finally, James argues that his rehabilitation warrants a sentence reduction. (Doc. 228 at 8.) While rehabilitation may be considered in combination with other factors, compassionate release cannot be based on rehabilitation alone. U.S.S.G. § 1B1.13(d). Accordingly, James has not shown that his circumstances, considered individually or cumulatively, amount to extraordinary and compelling reasons to reduce his sentence.

Even if extraordinary and compelling reasons existed, early release would not be warranted in light of the § 3553(a) factors.

Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." Kibble, 992 F.3d at 334-35 (Gregory, C.J., concurring). Thus, the court must consider —

- (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
- (2) the need for the sentence imposed –
    - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    - (B) to afford adequate deterrence to criminal conduct;
    - (C) to protect the public from further crimes of the defendant; and
    - (D) to provide the defendant with needed educational or vocational training, medical

10

>     care, or other correctional treatment in the
>     most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range
>     established for [the applicable offense category as
>     set forth in the guidelines] . . .;
>
> (5) any pertinent policy statement . . . by the
>     Sentencing Commission . . .;
>
> (6) the need to avoid unwarranted sentence disparities
>     among defendants with similar records who have been
>     found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of
>     the offense.

18 U.S.C. § 3553(a).

Here, James planned and was involved in two robberies in which his co-defendants brandished firearms, and in one of the robberies, they barricaded bystanders in a bathroom to prevent them from escaping. (Doc. 172 ¶ 7.) One of the co-defendants struck a bystander in the head, leading to hospitalization. (Id. ¶ 6.) His co-defendants told investigators that James planned the robberies and provided firearms for them. (Id. ¶¶ 9-11.) Further, James has a lengthy criminal history that includes convictions for grand larceny, felony statutory burglary, felony assault and battery of a police officer, and felony failure to appear for sentencing. (Id. ¶¶ 43-56.) Granting James's motion for compassionate release would fail to adequately reflect the seriousness of the offenses of conviction, his criminal history,

11

the need for deterrence, and the need for the sentence to promote respect for the law.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that James's motion for leave to supplement (Doc. 231) is GRANTED.

IT IS FURTHER ORDERED that James's motion for compassionate release (Doc. 228) is DENIED.

                                               /s/   Thomas D. Schroeder
                                               United States District Judge

June 5, 2024